IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DEVEN M. RICHARDSON,                    :
                                        :
              Petitioner,               :
                                        :
v.                                      :    Civil Action No. 09-263-JJF
                                        :
PERRY PHELPS, Warden, and               :
ATTORNEY GENERAL OF THE                 :
STATE OF DELAWARE,                      :
                                        :
              Respondents.              :

_____

Deven M. Richardson.  Pro Se Petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of
Justice, Wilmington, Delaware.  Counsel for Respondents.

_____

**MEMORANDUM OPINION**

June  30 , 2010
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application For A Writ Of
Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by
Petitioner Deven M. Richardson ("Petitioner"). (D.I. 2.) For
the reasons discussed, the Court concludes that the Petition is
time-barred by the one-year statute of limitations prescribed in
28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2004, Petitioner was indicted on six counts of
second degree unlawful sexual contact, four counts of third
degree rape, and one count of fourth degree rape. In July 2004,
three of the six second degree unlawful sexual contact charges
were dismissed. (D.I. 13.) In January 2005, a Delaware Superior
Court jury convicted Petitioner of three counts of third degree
rape, one count of fourth degree rape, and three counts of second
degree unlawful sexual contact. The Superior Court sentenced
Petitioner to an aggregate of twenty-six years imprisonment,
suspended after twenty years for a period of probation.
Petitioner did not appeal his convictions or sentences. See
Richardson v. State, 968 A.2d 492 (Table), 2009 WL 469341 (Del.
Feb. 25, 2009).

On July 7, 2005, Petitioner filed a motion for modification
of sentence pursuant to Delaware Superior Court Criminal Rule 35.
The Delaware Superior Court denied the Rule 35 motion, and the

1

Delaware Supreme Court affirmed that decision on December 16, 2005. (D.I. 14, Del. Super. Ct. Crim. Dkt. Entries 19, 20, 23.)

On October 3, 2007, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Rule 61 motion alleged three claims regarding defense counsel's ineffective assistance, including an argument that counsel failed to file a direct appeal. The Delaware Superior Court denied the Rule 61 motion in April, 2008. State v. Richardson, 2008 WL 1921763 (Del. Super. Ct. Apr. 23, 2008). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment. Richardson v. State, 968 A.2d 492 (Table), 2009 WL 469341 (Del. Feb. 25, 2009).

## II. DISCUSSION

Petitioner filed the instant Petition for federal habeas relief in April 2009, asserting two grounds for relief: (1) defense counsel provided ineffective assistance by failing to file a direct appeal; and (2) defense counsel failed to subpoena witnesses. (D.I. 2.) Respondents filed an Answer asking the Court to dismiss the Petition because it is untimely. (D.I. 13.)

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must

2

comply with the AEDPA's requirements.  See generally Lindh v.
Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-
year period of limitations for the filing of habeas petitions by
state prisoners, which begins to run from the latest of:

    (A) the date on which the judgment became final by the
    conclusion of direct review or the expiration of the time
    for seeking such review;

    (B) the date on which the impediment to filing an
    application created by State action in violation of the
    Constitution or laws of the United States is removed, if the
    applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was
    initially recognized by the Supreme Court, if the right has
    been newly recognized by the Supreme Court and made
    retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or
    claims presented could have been discovered through the
    exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    The instant Petition, dated 2009, is subject to the one-year
limitations period contained in § 2244(d)(1).  See Lindh, 521
U.S. at 336.  The Court cannot discern any facts triggering the
application of § 2244(d)(1)(B), (C), or (D).  Accordingly, the
one-year period of limitations began to run when Petitioner's
conviction became final under § 2244(d)(1)(A).

    In this case, Petitioner's conviction became final on April
18, 2005, because he did file a direct appeal.[1]  See 28 U.S.C.

---

    [1]    The last day of the appeal period actually fell on a
Sunday.  Consequently, the appeal period was extended through
Monday, April 18, 2005.  See Del. Supr. Ct. R. 11(a).

3

2244(d)(1)(A); Kapral v. United States, 166 F.3d 565, 575, 578
(3d Cir. 1999); Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day
period for timely filing a notice of appeal). Applying the one-
year limitations period to that date, Petitioner had until April
18, 2006, to timely file his Petition. See Wilson v. Beard, 426
F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil
Procedure 6(a) and (e) applies to federal habeas petitions).
However, the Petition was not filed until April 7, 2009, almost
three full years after the expiration of the AEDPA's limitations
period. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir.
2003)(pursuant to the prison mailbox rule, the date on which a
prisoner transmitted documents to prison authorities is
considered the actual filing date). Accordingly, the Court
concludes that the Petition is time-barred, unless the
limitations period can be statutorily or equitably tolled. See
Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court
will discuss each doctrine in turn.

## B. Statutory Tolling

Pursuant to § 2244(d)(2), "a properly filed application for
State post-conviction or other collateral review with respect to
the pertinent judgment or claim" will toll the AEDPA's one-year
limitations period during the time the collateral proceeding is
pending, including any post-conviction appeals, provided that the
application for collateral review is filed prior to the

4

expiration of the AEDPA's one-year period. See 28 U.S.C. §
2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir.
2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept.
23, 2002)(explaining that a properly filed Rule 61 motion will
only toll the limitations period if it was filed and pending
before the expiration of the AEDPA's limitations period).
In this case, the motion for modification of sentence that
Petitioner filed on July 7, 2005, has no statutory effect because
it was presumably filed pursuant to Delaware Superior Court
Criminal Rule 35(b).[2]  See Hartmann v. Carroll, 492 F.3d 478,
483-84 (3d Cir. 2007)(Rule 35(b) motions seeking leniency do not
trigger the statutory tolling provision of § 2254(d)(2), whereas
a Rule 35(a) motion challenging the lawfulness of the
petitioner's sentencing may trigger statutory tolling).

_____

    [2]    The State has not filed a copy of the motion for
modification of sentence, and therefore, the Court cannot
definitively determine whether the motion was filed pursuant to
Rule 35(a) or Rule 35(b). However, even if the July 2005 motion
for modification of sentence was filed under Rule 35(a) and
challenged the lawfulness of Petitioner's sentence, the Court
concludes that any tolling effectuated by the motion would not
render the Petition timely filed. When the Rule 35 motion was
filed on July 7, 2005, 110 days of the AEDPA's limitations period
had already expired. The motion would have tolled the
limitations period from July 7, 2005 through December 16, 2005,
the date on which the Delaware Supreme Court affirmed the
Superior Court's denial of the motion. The AEDPA's limitations
clock would have started again on December 17, 2005, and would
have run another 255 days without any interruption until it
expired on September 12, 2006. Accordingly, the Court concludes
that the Petition filed in 2009 would still be untimely.

In addition, the Rule 61 motion filed by Petitioner on October 3, 2007, has no statutory tolling effect because it was filed more than one and one-half years after the expiration of the AEDPA's limitations period on April 18, 2006.[3] Therefore, the instant Petition is time-barred, unless equitable tolling applies.

## C. Equitable Tolling

The AEDPA's limitations period may only be equitably tolled "in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Excusable neglect is insufficient to warrant the application of equitable tolling. Miller, 145 F.3d at 619. Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations

---

[3]     The same conclusion applies if Petitioner's Rule 61 motion is considered under the alternate scenario of tolling resulting from a pending Rule 35(a) motion. In that case, the October 2007 Rule 61 motion would have been filed more than a year after the expiration of the limitations period in September 2006.

period to the following circumstances:

> (1) where the defendant (or the court) actively misled the
> plaintiff;
> (2) where the plaintiff was in some extraordinary way
> prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights
> mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225,

231 (3d Cir. 2005)(equitable tolling is appropriate where the

court misleads petitioner about steps necessary to preserve

habeas claim).

In this case, Petitioner alleges that the Court should

equitably toll the limitations period because his defense counsel

failed to file a direct appeal. In non-capital cases, however,

only egregious attorney error constitutes an extraordinary

circumstance for purposes of equitable tolling.[4]   Schlueter v.

Varner, 384 F.3d 69, 76-77 (3d Cir. 2004). Accordingly,

equitable tolling has been limited to those circumstances in

which an attorney has affirmatively deceived the petitioner or

has persistently neglected the petitioner's matter. Id. at 76.

---

[4]      Petitioner cites Fogg v. Carroll, 465 F. Supp. 2d 336
(D. Del. 2006) to support his argument for equitable tolling. In
Fogg, the Honorable Kent A. Jordan equitably tolled the
limitations period after determining that defense counsel's
mistake in determining the correct time period for filing a
federal habeas petition was due to the duress caused by counsel's
long-term illness. However, the situation in Fogg is
distinguishable from the circumstances here, because there is no
suggestion that defense counsel's failure to file a direct appeal
was related to any illness or duress. Rather, as found by the
Delaware State Courts, defense counsel determined that there were
no appealable issues, and Petitioner never asked counsel to file
an appeal on his behalf.

7

In this case, Petitioner has neither alleged nor demonstrated
such conduct by defense counsel. In addition, Petitioner has not
demonstrated how defense counsel's failure to file a direct
appeal prevented him from timely filing a pro se habeas petition.

     Second, even if the Court determines that defense counsel's
conduct constitutes an extraordinary circumstance, the Court
concludes that Petitioner has failed to demonstrate that he
exercised the level of diligence in pursuing relief that is
necessary to warrant equitable tolling. Petitioner has not
indicated that he consistently asked defense counsel to either
file a direct appeal or that he inquired about the status of his
direct appeal. Moreover, Petitioner waited almost two years
after his conviction to file his Rule 61 motion, and almost three
years to file his § 2254 Petition. In the Court's view, both of
these delays demonstrate that Petitioner failed to diligently
pursue his rights.

     Lastly, to the extent Petitioner's untimely filing may be
the result of a mistake in his computation of the AEDPA's
limitations period, the Court concludes that any such mistake
does not trigger equitable tolling. See LaCava v. Kyler, 398
F.3d 271, 276 (3d Cir. 2005)(reiterating that "[i]n non-capital
cases, attorney error, miscalculation, inadequate research, or
other mistakes have not been found to rise to the extraordinary
circumstances required for equitable tolling")(internal citation

8

omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court concludes that equitable tolling principles do not apply to extend the AEDPA's limitations period, and therefore, the Court will dismiss the Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. Rule 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.